UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRA STEIN, Personal Representative and Independent Administrator of the Estate of JACK CARTER, deceased,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HUGH K. LANCASTER, Jr. M.D., and NIKHIL BHATT, M.D.,<br><br>　　　　　Defendants. | Case No. 21-cv-544-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Motion to Dismiss Defendants Lancaster and Bhatt and To Substitute the United States of America as Defendant (Doc. 11), filed by the United States of America.  Plaintiff Tyra Stein has responded to the motion (Doc. 12).

The United States Attorney has certified that defendants Lancaster and Bhatt were federal employees acting within the scope of their employment with the United States of America at the time of the incidents described in the Complaint (Doc. 1-2).  Under 28 U.S.C. § 2679(b)(1), a Federal Tort Claims Act case is the exclusive remedy against federal employees for torts committed in the course of their federal employment, and any other case against them for the same subject matter is precluded.  The United States requests that defendants Lancaster and Bhatt be dismissed <u>with</u> prejudice.

In response, Stein indicates she has no objection to the United States of America's being substituted as defendant, but argues that the individual defendants should be dismissed <u>without</u> prejudice.  If the certification of scope of employment is withdrawn, Stein states that a dismissal with prejudice could interfere with her ability to re-substitute the individual defendants into the

case.  The Court disagrees.  Plaintiff may move to vacate or reconsider this order should the individual defendants be shown not to be federal employees working within the scope of their employment.  *See Pearson v. Friend*, 103 F.3d 133 (7th Cir. 1996) (noting that the United States Attorney's certification does not remove the scope-of-employment question from judicial review but simply places the burden on the plaintiff) (citing *Gutierrez de Martinez v. Lamagno,* 15 U.S. 417, 423 (1995)).  As this case stands now, defendants Lancaster and Bhatt hold absolute immunity from suit for the same subject matter under 28 U.S.C. § 2679, and a dismissal with prejudice is appropriate.

Accordingly, the Court **GRANTS** the motion to dismiss and to substitute the United States as defendant (Doc. 11), **SUBSTITUTES** the United States of America as the sole defendant in this case, and **DISMISSES with prejudice** all claims in this case against defendants Lancaster and Bhatt.  Should Stein learn that Lancaster or Bhatt were not working as federal employees within the scope of their federal employment at the time of the relevant events, she may ask the Court to reconsider this order.  The Clerk of Court is directed to terminate defendants Lancaster and Bhatt as parties to this suit.

**IT IS SO ORDERED.**
**DATED:  October 13, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
