IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRA STEIN, Personal Representative and Independent Administrator of the Estate of JACK CARTER, deceased )<br>)<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | Case No. 21-cv-544-JPG |

**ORDER AUTHORIZING SETTLEMENT OF ACTION, APPROVAL OF ATTORNEY'S FEES AND COSTS, ALLOCATION OF SETTLEMENT PROCEEDS BETWEEN CAUSES OF ACTION AND DISTRIBUTION TO WRONGFUL DEATH BENEFICIARY**

Cause coming to be heard on the Petition to Settle the above-entitled case, to Allocate Settlement Proceeds Between Counts, and to Distribute Wrongful Death Act Proceeds, the Court being fully advised, hereby **GRANTS** the motion (Doc. 56) and finds as follows:

This case was filed by Plaintiff on behalf of the decedent, Jack Carter, pursuant to the Wrongful Death Act and the Survival Act as to Defendant. The allegations focus on personal injuries and death to Jack Carter stemming from his care and treatment by federal employees at the Veterans' Administration hospital in Marion, Illinois.

Plaintiff reports that she has negotiated a settlement with Defendant with a principal amount of $600,000.00. The Court finds that the settlement amount is fair and reasonable, taking into account the facts alleged and the uncertainty of litigation.

The Court finds that Plaintiff's counsel and Plaintiff have agreed to a contingency fee of 25%, consistent with the limitations set forth by the Federal Tort Claims Act, and that Plaintiff's counsel has incurred costs of $39,161.73. In addition, the Court has been made aware of a right of reimbursement potentially held by Medicare, per federal law and regulations.

The Court has been made aware that Tyra Stein is the only heir of the decedent in this case.

The Court finds that the allegations under the Survival Act, including medical expenses and pain and suffering experienced by the decedent, and the allegations under the Wrongful Death Act, including loss of companionship, comfort, guidance, and support on the part of the next of kin, are such that Plaintiff's suggested allocation of settlement proceeds between the two types of action is appropriate.

IT IS THEREFORE ORDERED:

1. Plaintiff is authorized to accept the settlement in the amount disclosed to the Court, in settlement of all claims in this matter, and Plaintiff shall execute a Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677.

2. Attorneys' fees representing 25% of the total settlement are hereby approved and may be paid from the settlement proceeds.

3. The costs incurred for investigation, filing, and prosecution of this case are hereby approved and shall be paid from the proceeds of settlement.

4. Plaintiff's counsel shall withhold the entire amount due to Medicare, pursuant to Medicare's right of reimbursement under federal law and the Medicare Secondary Payor Act, pending any reduction agreed to by CMS.

5. That $443,441.16 (approximately 74%) of the settlement value is allocated to the Wrongful Death Act claims, and the United States of America is directed to purchase an annuity with Tyra Stein as the primary beneficiary with the amount that remains after payment of attorney's fees and reimbursement of expenses incurred.

      6.      That $156,558.84 (approximately 26%) of the settlement value is allocated to the Survival Act claims, and payment of attorney's fees and reimbursement of expenses are permitted from this amount with the remainder to be paid to Tyra Stein.

      7.      That the settlement, which has been found by the Court to be fair and reasonable, shall be binding on the next of kin and her assigns, heirs, representatives, and guardians, now or later appointed.

**IT IS SO ORDERED.**
**DATED:  December 8, 2022**

                                  s/ J. Phil Gilbert
                                  **J. PHIL GILBERT**
                                  **DISTRICT JUDGE**